1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CYRUS D. A. BRASWELL,**<br><br>Petitioner,<br><br>**v.**<br><br><br>**RAFAEL ZUNIGA, Warden,**<br><br>Respondent. | Case No. 1:15-cv-01371 -MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner is a federal prisoner proceeding *pro se* with a September 8, 2015 petition for writ of habeas corpus under 28 U.S.C. § 2241.

On July 15, 1997, Petitioner was indicted in the United States District Court for the District of Alaska on four counts of distribution of a Schedule II controlled substance; one count of possession of a Schedule II controlled substance with intent to distribute; two counts of maintaining a place for drug trafficking; and two counts of money laundering. Petitioner was convicted on eight of the nine counts and sentenced to 400 months of imprisonment. United States v. Braswell, 501 F.3d 1147, 1148-1149 (9th Cir. 2007). Petitioner is currently incarcerated at Federal Correctional Institution, Mendota, in Mendota, California.

Despite several prior attempts to challenge his convictions, Petitioner now claims

that he is entitled to relief based on ineffective assistance of counsel due to counsel's failure to challenge the indictment of the grand jury when issued or upon direct appeal. (See generally Pet., ECF No. 1 at 3, 6-8.) Specifically, Petitioner argues that he is actually innocent of the charges based on the fact that the government failed to identify the drug type and its quantity in the grand jury indictment. (Id.)

## I.      SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to this petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice of pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

1    II.    **JURISDICTION**

2           A federal court may not entertain an action over which it has no jurisdiction. A

3    federal prisoner who wishes to challenge the validity or constitutionality of his conviction

4    or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

5    under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such

6    cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not

7    collaterally attack a federal conviction or sentence by way of a petition for a writ of

8    habeas corpus under 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th

9    Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under §

10   2255 in the sentencing court, while petitions that challenge the manner, location, or

11   conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial

12   court."); Tripati, 843 F.2d at 1162.

13          In contrast, a federal prisoner challenging the manner, location, or conditions of

14   that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C.

15   § 2241. Hernandez, 204 F.3d at 865. Petitioner seeks review of his conviction and

16   sentence under § 2241, arguing that his trial and appellate counsel were ineffective for

17   failing to challenge the adequacy of the grand jury indictment. (See Pet. at 5-8.) Because

18   Petitioner is challenging the validity and constitutionality of his federal sentence imposed

19   by a federal court, rather than an error in the administration of his sentence, § 2255's

20   exclusive remedy rule bars the present petition, unless the savings clause applies.

21          A.    Application of The Savings Clause

22          The Ninth Circuit has recognized a narrow exception allowing a federal prisoner

23   authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by

24   motion under § 2255 is "inadequate or ineffective to test the validity of his detention."

25   Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison,

26   519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of

27   § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or

28   ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255

1   motion is insufficient to render § 2255 inadequate.); <u>Tripati</u>, 843 F.2d at 1162-63 (9th Cir.

2   1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition

3   inadequate). The burden is on the petitioner to show that the remedy is inadequate or

4   ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

5          The Ninth Circuit further held that relief pursuant to § 2241 is available under the

6   'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and

7   (2) has not had an 'unobstructed procedural shot' at presenting that claim. <u>Ivy v.</u>

8   <u>Pontesso</u>, 328 F.3d 1057 (9th Cir. 2003); <u>Stephens v. Herrera</u>, 464 F.3d 895, 898 (9th

9   Cir. 2006). Accordingly, a petitioner must prove both actual innocence and lack of

10  unobstructed procedural opportunity to demonstrate that a remedy under § 2255 is

11  inadequate or ineffective. <u>Ivy</u>, 328 F.3d at 1057. As discussed in more detail below,

12  Petitioner fails to meet either of these requirements.

13          B.   <u>Actual Innocence</u>

14          Petitioner's assertion that he is actually innocent is based on the same underlying

15  contention raised in this petition: that the Government failed during the grand jury

16  proceeding to comply with Federal Rule of Criminal Procedure 7 and state all the

17  essential elements of the criminal offense in the indictment. (Pet. at 8-9.) This claim, not

18  being a claim of "actual innocence", fails to meet the first condition for applying the §

19  2255 savings clause.

20          In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255

21  savings clause is tested by the standard articulated by the United States Supreme Court

22  in <u>Bousley v. United States</u>, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In

23  <u>Bousley</u>, the Supreme Court explained that, "[t]o establish actual innocence, petitioner

24  must demonstrate that, in light of all the evidence, it is more likely than not that no

25  reasonable juror would have convicted him." <u>Bousley</u>, 523 U.S. at 623. Petitioner bears

26  the burden of proof on this issue by a preponderance of the evidence. He must not only

27  show that the evidence against him was weak, but that it was so weak that "no

28  reasonable juror" would have convicted him. <u>Lorentsen v. Hood</u>, 223 F.3d 950, 954 (9th

4

1  Cir. 2000). "[S]uch a claim requires petitioner to support his allegations of constitutional

2  error with new reliable evidence — whether it be exculpatory scientific evidence,

3  trustworthy eyewitness accounts, or critical physical evidence — that was not presented

4  at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

5  Petitioner has not presented any case, let alone a strong case, of factual

6  innocence. Petitioner claims innocence based on alleged deficiencies of the indictment.

7  Petitioner's argument only addresses technical or legal elements of the criminal process.

8  Petitioner does not refute that he possessed and distributed the illegal drugs in question.

9  Nor does he present any new exculpatory evidence that would convince reasonable

10  jurors that he should not have been convicted. Without presenting any new facts

11  regarding the underlying actions relating to the convictions, Petitioner has not overcome

12  the finding of the district court and the Ninth Circuit that have both concluded that the

13  evidence of his guilt at trial was "overwhelming." See United States v. Braswell, 501 F.3d

14  at 1150.

15  Accordingly, Petitioner has not presented sufficient factual support to establish a

16  cognizable claim of actual innocence for the purposes of qualifying to bring a § 2241

17  motion under the savings clause.

18  C.   Unobstructed Procedural Opportunity

19  The Court turns to whether the Petitioner has had "any opportunity" to seek relief

20  from the sentencing court on the claim presented here. See Abdullah, 392 F.3d at 959. If

21  so, then he cannot show that § 2255 is either inadequate or ineffective.

22  Petitioner did not lack an unobstructed opportunity to present his claims in his §

23  2255 motion. In fact, Petitioner exhausted the procedural opportunities to which he is

24  legally entitled long ago. Petitioner sought direct review of his conviction, which was

25  denied on March 30, 2000. See United States v. Braswell, 2000 U.S. App. LEXIS 5965

26  (9th Cir. 2000). Petitioner then filed various motions with the district court - for a new

27  trial, for acquittal, for change of venue or recusal, for return of property – all of which

28  were denied by the district court and affirmed on appeal. United States v. Braswell, 51 F.

1   App'x 783 (9th Cir. 2002).

2   Petitioner then sought review by way of a petition for habeas relief under 28

3   U.S.C. § 2255, and argued relief based on the same contentions presented here. The

4   Ninth Circuit determined that the claims were procedurally defaulted, and regardless,

5   Petitioner "at no point argued, let alone demonstrated, that any defect in his indictment

6   worked to his actual disadvantage at trial in any way, such as by making it difficult to

7   prepare a defense for the charges against him." United States v. Braswell, 501 F.3d

8   1147 at 1150.

9   Moreover, Petitioner has already sought relief *in this court* based on the same

10   claim by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  See

11   Braswell v. Rios, 2011 U.S. Dist. LEXIS 19826 (E.D. Cal. Feb. 10, 2011). The Court

12   determined that Petitioner failed to demonstrate that the remedy under § 2255 was

13   inadequate or ineffective or establish his actual innocence, and denied the petition on

14   February 10, 2011. Id.

15   Petitioner's instant motion pleads the same facts and legal theories that were

16   plead in the first § 2241 motion he brought before this Court. As Petitioner's claims in the

17   instant motion have already been presented to and denied by this Court, the instant

18   motion is successive. While a § 2255 motion filed by Petitioner may be procedurally

19   barred as successive, such an obstacle is not sufficient to show that he lacked an

20   unobstructed opportunity to present his claims. Ivy v. Pontesso, 328 F.3d 1057, 1060

21   (9th Cir. 2003). Accordingly, Petitioner did not lack unobstructed procedural opportunity

22   but instead was afforded an appropriate opportunity to present his claims under § 2255.

23   Petitioner cannot prove his actual innocence of the charge in question or that he

24   failed to receive an unobstructed opportunity under § 2255. For these reasons, Petitioner

25   has failed to show that his § 2255 remedy is inadequate or ineffective in order to invoke

26   the savings clause. The Court recommends that the petition be dismissed.

27   **III.**   **RECOMMENDATION**

28   Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ

1   of habeas corpus be DISMISSED.

2       These Findings and Recommendations are submitted to the assigned United

3   States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

4   and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern

5   District of California. Within thirty (30) days after being served with a copy, Petitioner

6   may file written objections with the Court. Such a document should be captioned

7   "Objections to Magistrate Judge's Findings and Recommendations. The Court will then

8   review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is

9   advised that failure to file objections within the specified time may waive the right

10  to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir.

11  2014).

12

13

14  IT IS SO ORDERED.

15   Dated:   September 22, 2015          /s/ *Michael J. Seng*

16                                        UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

7